Order Form (01/2005)    Case 1:08-cv-00816    Document 7    Filed 03/27/2008    Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 816 | **DATE** | March 27, 2008 |
| **CASE TITLE** | Wallace R. Smith (#18720-424) v. Kankakee County Hospital District | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $21.50 from plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Metropolitan Correctional Center. However, summonses shall not issue at this time. The court grants plaintiff's motion for counsel [4], and appoints David G. Wix, Baker & McKenzie, 130 E. Randolph, Chicago, IL 60601, Tel: 312 861-7520, to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days of the date of this order, if the amended complaint comports with appointed counsel's obligations under Fed. R. Civ. P. 11.

■ [For further details see text below.]                                                    Docketing to mail notices.

### STATEMENT

    Plaintiff, Wallace R. Smith (#18720-424), a federal prisoner currently confined at Metropolitan Correctional Center in Chicago, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts numerous claims of deliberate indifference to a serious medical need and names 23 defendants.

    Plaintiff has shown that he is indigent so his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $21.50. The trust fund officer at plaintiff's place of incarceration, currently the Metropolitan Correctional Center, is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff in the event of his transfer to another correctional center.
(CONTINUED)



Page 1 of 2

Case 1:08-cv-00816 Document 7 Filed 03/27/2008 Page 2 of 2

| | isk |
|---|---|

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Although several of the allegations in plaintiff's complaint may state valid claims of deliberate indifference to a serious medical need, *see Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006), it is unclear from the current complaint what acts of deliberate indifference are being alleged against which defendants, and how each defendant is involved. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 679 (7th Cir. 2005) (Fed. R. Civ. P. 8(a)'s notice pleading requirement does not require the assertion of specific facts; however, the complaint must provide sufficient information to give the defendants notice of what the claims are and the grounds upon they rest). Also, several of the named defendants do not appear to be suable entities. For these reasons, the current complaint is dismissed without prejudice to the submission of an amended complaint that sufficiently informs the defendants of the claims being alleged against them and the grounds upon which the claims rest.

Because of the serious nature of some of plaintiff's allegations, the court hereby appoints David G. Wix, Baker & McKenzie, 130 E. Randolph, Chicago, IL 60601, Tel: 312 861-7520 to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days of the date of this order if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.