Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 816 | **DATE** | July 20, 2010 |
| **CASE TITLE** | *Smith v. Harvey* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to transfer [#125] is granted, and this case is transferred to the United States District Court for the Central District of Illinois. The clerk is directed to effect the transfer forthwith. Status hearings set to 7/27/2010 before this court, and 9/21/2010 before Magistrate Judge Finnegan are stricken.

■ [ For further details see text below.]

## STATEMENT

    Plaintiff Wallace R. Smith sued eleven county and federal officials in their individual capacities under 42 U.S.C. § 1983 based on allegedly sub-par medical care he received while incarcerated at the Metropolitan Correctional Center in Chicago and the Kankakee County Jail, Jerome Combs Detention Center. The court dismissed the claims against the federal defendants, leaving only claims against the Kankakee defendants. Mr. Smith recently sought leave to add additional Kankakee defendants, who have filed a motion to dismiss based on the statute of limitations. The original Kankakee defendants, in the meanwhile, filed a motion to transfer this case to the United States District Court for the Central District of Illinois, where the Kankakee County Jail is located. The court stayed the motion to dismiss pending the determination of whether this case should be transferred.

    The parties agree that venue was proper in this district when the case was filed, due to the presence of the federal defendants. However, they dispute whether the dismissal of the federal defendants means that venue is improper in this district. If so, the court would have to transfer this action. The court need not reach this issue as this case clearly should be heard in the Central District. It is based on multiple defendants' alleged failure to provide proper medical care. All of the defendants are employed at the Kankakee County Jail, Jerome Combs Detention Center, the alleged wrongdoing occurred there, and the Central District has a

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

far greater interest in adjudicating Mr. Smith's constitutional claims since they arose in that district. See 28 U.C.C. § 1404(a); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (the court has broad discretion in determining where venue should lie and may transfer a case "even if not asked to do so by either party").

The court acknowledges that Mr. Smith elected to file suit in this district. However, to the extent that his choice was driven by the presence of the federal defendants in this district, that factor is no longer germane. Moreover, to the extent that this district is more convenient because he lives in this district, that link pales in comparison to this suit's ties to the Central District. The court also notes that due to motions practice relating to the federal defendants, changes in Mr. Smith's counsel and a transfer of this case to a new magistrate judge, discovery has not progressed substantially even though this case was filed in 2008. Accordingly, in an exercise of its discretion, the court finds that transfer is clearly warranted. This case is, therefore, transferred to the United States District Court for the Central District of Illinois.